**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENNETH HOLMES,<br>    Appellant,<br><br>    v.<br><br>DEPARTMENT OF<br>  TRANSPORTATION,<br>        Agency. | DOCKET NUMBERS<br>SF-0752-22-0425-C-1<br>SF-0752-22-0425-X-1<br>SF-0752-22-0425-C-2<br>SF-0752-22-0425-X-2<br><br>DATE:  April 15, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sara L. Bloom</u>, Esquire, Anchorage, Alaska, for the appellant.

<u>Daniel J. Silva</u>, Esquire, Miramar, Florida, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

On January 22, 2024, the Board issued a Final Order in the underlying matter ordering the agency to reverse the appellant's removal, restore him effective December 22, 2020, and pay him the correct amount of back pay, interest on back pay, and other required benefits.  *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-I-1, Final Order (Jan. 22,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2024). The appellant subsequently filed two petitions for enforcement of the Board's January 22, 2024 Final Order. His petition for enforcement filed in *Holmes v. Department of Transportation*, MSPB Docket SF-0752-22-0425-C-1 concerned the reinstatement portion of the Board's Final Order, and his petition for enforcement filed in *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-2 concerned the back pay component. In both compliance matters, the administrative judge granted the appellant's petitions for enforcement and issued compliance initial decisions finding the agency in noncompliance with the reinstatement and back pay portions of the Board's Final Order. *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-1, Compliance File, Tab 14, Compliance Initial Decision; *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-2, Compliance File, Tab 17, Compliance Initial Decision. The agency filed petitions for review of both compliance initial decisions, and on February 20, 2025, the Board issued orders denying the agency's petitions for review and ordering the agency to comply with the relief ordered in the compliance initial decisions. *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-1, Compliance Petition for Review (C-1 CPFR) File, Tab 7, Order; *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-2, Compliance Petition for Review (C-2 CPFR File), Tab 7, Order. The Board instructed the agency to submit satisfactory evidence of compliance concerning reinstatement under MSPB Docket No. SF-0752-22-0425-X-1, and satisfactory evidence of compliance concerning back pay under MSPB Docket No. SF-0752-22-0425-X-2, the new docket numbers assigned to the compliance referral matters. C-1 CPFR File, Tab 7, Order at 14; C-2 CPFR File, Tab 7, Order at 8. We now JOIN all four matters for processing and, for the reasons discussed below, DISMISS the petitions for enforcement as settled.

On March 10, 2026, after these matters were referred to the Board's Office of General Counsel for compliance, the agency submitted a document signed by

the parties and their representatives titled "SETTLEMENT AGREEMENT." C-1 CPFR File, Tab 10 at 4-9; C-2 CPFR File, Tab 10 at 4-9; *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-X-1, Compliance Referral File (X-1 CRF), Tab 6 at 4-9; *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-X-2, Compliance Referral File (X-2 CRF), Tab 9 at 4-9.[2] The document states:

> The purpose of this Settlement Agreement is to resolve with finality any and all outstanding actions, causes of action, claims, complaints, grievances, and/or appeals known or unknown to Appellant which Appellant has or could have brought, arising out of employment with the Agency through the effective date of this Settlement Agreement, including, but not limited to, MSPB Docket No. SF-0752-22-0425-X-2.

C-1 CPFR File, Tab 10 at 4. The document provides, among other things, that the appellant agrees not to file any further complaints or seek any further compensation related to his employment with the agency and to remain retired from the agency and not seek reinstatement or reemployment in exchange for promises made by the agency, including payment. *Id.* at 4-5. Although the settlement agreement does not explicitly reference MSPB Docket No. SF-0752-22-0425-C-2 concerning the back pay component of the Board's January 22, 2024 Final Order, which as noted above is where MSPB Docket No. SF-0752-22-0425-X-2 is derived, it is clear that the parties intend that the agreement cover the matter of the appellant's petition for enforcement assigned MSPB Docket No. SF-0752-22-0425-C-2. *Id.* at 5, 7. Additionally, although the settlement agreement does not explicitly reference MSPB Docket No. SF-0752-22-0425-C-1 and its derivative, MSPB Docket No. SF-0752-22-0425-X-1, it is also clear that

---

[2] The submitted settlement agreement is identical in all four cases. For ease of reference, from here on out, we will only cite to the settlement agreement submitted in the C-1 CPFR File at Tab 10.

the parties intend for the agreement to cover these matters related to the reinstatement component of the Board's January 22, 2024 Final Order.[3]

Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, whether they understand its terms, and whether they intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 10-11 (2017).

Here, we find that the parties have entered into a settlement agreement, understand its terms, and intend for the agreement to be entered into the record for enforcement by the Board. C-1 CPFR File, Tab 10 at 6 (stating that "[i]t is agreed that this Agreement will be entered into the record before the MSPB and that the Board will retain jurisdiction for enforcement purposes"). In addition, we find that the agreement is lawful on its face and that the parties freely entered into it. *Id.* Accordingly, we find that dismissing these petitions for enforcement with prejudice to refiling (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

This is the final decision of the Merit Systems Protection Board in these joined compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[3] The settlement agreement specifically states that in exchange for the agency's promises, the appellant agrees "[h]is signature on this Agreement constitutes affirmation that he remains retired from the Agency, and he will not seek reinstatement or reemployment with the Agency based on any current claims . . . existing against the Agency as of the effective date of this Settlement Agreement." C-1 CPFR File, Tab 10 at 5. The agreement also states that "[t]he Parties agree that Settlement has been reached on all outstanding issues." *Id.* at 4.

**NOTICE TO THE PARTIES OF THEIR ENFORCEMENT RIGHTS**

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.